**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUN 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, <br><br> Plaintiff-counter-defendant - Appellee, <br><br> v. <br><br> KK REAL ESTATE INVESTMENT FUND, LLC, <br><br> Defendant-counter-claimant - Appellant. | No.   18-15301 <br><br> D.C. No. 2:17-cv-01289-JCM-CWH <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
For the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted June 5, 2019[**]
Portland, Oregon

Before:  MURGUIA and HURWITZ, Circuit Judges, and ZIPPS,[***] District Judge.

KK Real Estate Investment Fund, LLC ("KKRE") appeals a summary

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Jennifer G. Zipps, United States District Judge for the District of Arizona, sitting by designation.

judgment in favor of the Federal National Mortgage Association ("Fannie Mae").

The Federal Housing Finance Agency ("FHFA") is the conservator of Fannie Mae. *See* 12 U.S.C. §§ 4511, 4617. The Federal Foreclosure Bar in § 4617(j)(3) provides that no property of an FHFA conservatorship can be foreclosed without FHFA's consent. A Nevada state statute provides homeowners' associations with super-priority liens that they can exercise to recover delinquent HOA dues. *See* Nev. Rev. Stat. § 116.3116.

In 2013, KKRE purchased real property (the "Property") at a homeowners' association foreclosure sale. At the time of the sale, Fannie Mae held an ownership interest in the Property and later filed an action to quiet title and for declaratory relief. The district court granted summary judgment in favor of Fannie Mae and held that since Fannie Mae was subject to an FHFA conservatorship at the time of the foreclosure sale, and FHFA did not consent to foreclosure, Fannie Mae's interest in the Property survived the foreclosure sale.

KKRE timely appealed, and we have jurisdiction under 28 U.S.C. § 1291. Because the district court's decision was in accord with this Court's prior decisions addressing this exact issue, *see, e.g.*, *Fed. Home Loan Mortg. Corp. v. SFR Invs. Pool 1, LLC*, 893 F.3d 1136 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 1618 (2019); *Berezovsky v. Moniz*, 869 F.3d 923 (9th Cir. 2017), we affirm.

1.     KKRE argues that the homeowners' association had a superpriority

lien pursuant to Nevada Revised Statute § 116.3116 permitting it to sell the Property without FHFA's consent. However, that statute is preempted by the Federal Foreclosure Bar. *See Fed. Home Loan*, 893 F.3d at 1147 ("We see no cause to disturb our precedential decision, and continue to hold that the Federal Foreclosure Bar preempts the Nevada Foreclosure Statute.").

2. KKRE argues that Fannie Mae neglected to provide adequate evidence of its property interest. But, Fannie Mae provided sufficient evidence in the form of business records and publicly recorded documents. *See Berezovsky*, 869 F.3d at 933 & n.8.

3. KKRE argues that the Federal Foreclosure Bar is unconstitutional because it deprives parties of a property interest in violation of due process of law. But, KKRE lacks standing to bring a due process claim on behalf of the homeowners' association. *See Berezovsky*, 869 F.3d at 927 n.2 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

4. KKRE argues that the district court's entry of summary judgement prior to any discovery being conducted by the parties was reversible error. Fannie Mae, however, offered evidence of its interest in the Property, and KKRE offered no evidence to the contrary nor suggested that such evidence exists. Since KKRE failed to "do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

574, 586 (1986), the district court did not abuse its discretion in denying KKRE's

Fed. R. Civ. P. 56(d) request for discovery.

    For these reasons, the district court's judgment is **AFFIRMED.**